IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| VIOLET MCDANIEL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) NO. 1:20-cv-00047 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| MAURY REGIONAL HOSPITAL, et al., | ) MAGISTRATE JUDGE |
| | ) HOLMES |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' Motion for Temporary Restraining Order under Fed. R. Civ. P. 65. (Doc. No. 2), Defendants' Responses in Opposition (Doc. Nos. 16, 18), and the parties' supplemental briefs on abstention (Doc. Nos. 28, 29). For the reasons discussed below, Plaintiffs' Motion is **DENIED,** and their Complaint is **DISMISSED** without prejudice.

### I.  RELEVANT FACTS

In May 2018, Plaintiffs filed a health care liability action in the Circuit Court for Maury County, Tennessee alleging, *inter alia*, that Defendants were negligent during the labor and delivery of minor Plaintiff R.M. in January 2017. (Doc. No. 1 ¶¶ 14, 18-21; *see also* Doc. No. 1-2). During the pendency of Plaintiffs' state court health care liability action, Defendants filed a petition, pursuant to Tenn. Code Ann. § 29-26-121(f), for a qualified protective order to allow them to seek an *ex parte* interview with one of Plaintiff Violet McDaniel's treating health care providers, Taylor Johnson, DNP, CNM, WHNP-BC. (Doc. No. 1 ¶ 22; *see also* Doc. No. 1-3). Plaintiffs filed a response in opposition to the motion, (*see* Doc. No. 1-4), and allege that one of the grounds they raised against Defendants' requested qualified protective order was that the order would violate HIPPA. (Doc. No. 1 ¶¶ 23, 24). On August 14, 2020, the Maury County Circuit

Court held a hearing on the motion, finding that federal law did not preempt Tenn. Code Ann. § 29-26-121(f) and that the Defendants' motion for the qualified protective order should be granted. (Doc. No. 1 ¶¶ 26, 30).

On August 17, 2020, the qualified protective order was filed with the Maury County Circuit Court. (*Id*. at ¶ 49; *see also* Doc. No. 1-9). The same day, August 17, 2020, Plaintiffs filed the instant lawsuit seeking a declaratory judgment that Tenn. Code Ann. § 29-26-121(f) is preempted by HIPPA, and a Motion for a Temporary Restraining Order seeking to enjoin Defendants from communicating with Taylor Johnson, DNP, CNM, WHNP-BC pursuant to the state court qualified protective order until this Court rules on Plaintiffs' Complaint for Declaratory Judgment. Because Plaintiffs ask this Court to interfere with a pending state proceeding and federal courts are generally required to abstain from doing so, this Court must first consider principles of abstention before the considering the relief Plaintiffs seek.

## II. LAW AND ANALYSIS

*Younger* abstention is designed to prevent federal courts from interfering with the functions of state courts while preserving equity and comity. *Doe v. University of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (quoting *Younger*, 401 U.S. at 44).

> The *Younger* breed of abstention requires abstention in three different circumstances outlined in *New Orleans Public Service, Inc. v. Council of New Orleans* ("*NOPSI*"), 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). The Supreme Court has noted that

> these three categories are the "exception[ ]" rather than the rule. *Sprint*, 571 U.S. at 73, 134 S.Ct. 584 (quoting *NOPSI*, 491 U.S. at 367, 109 S.Ct. 2506). First, we may abstain under *Younger* "when there is an ongoing state criminal prosecution." *Doe*, 860 F.3d at 369. Second, we may abstain when there is a civil enforcement proceeding that is "akin to [a] criminal prosecution[ ]." *Sprint*, 571 U.S. at 72, 134 S.Ct. 584. Third, we may abstain when there is a "civil proceeding[ ] involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *NOPSI*, 491 U.S. at 368, 109 S.Ct. 2506.

*Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019). Defendants argue that the third *NOPSI* circumstance applies here because the pending state court health care liability action involves an order – the qualified protective order – that is uniquely in furtherance of the state court's ability to perform its judicial functions as the gatekeeper of pre-trial discovery. (Doc. No. 28 at 9 (citing *Willeford v. Klepper*, 597 S.W.3d 454, 470 (Tenn. 2020) ("the discretion exercised by the court in granting or denying a discovery request goes straight to the heart of the judicial function") (citation omitted)). Defendants argue that by asking the Court to intervene in the pending state court health care liability action by issuing a restraining order and declaratory judgment that would effectively preclude Defendants' use of the state court's qualified protective order, Plaintiffs seek to have this Court interfere in the judicial function of the state court as the gatekeeper of discovery.

The Court finds that the ability of the courts of the State of Tennessee to decide discretionary discovery matters and to issue protective orders in accordance with state law operates "uniquely in furtherance of the state courts' ability to perform their judicial functions." *NOPSI*, 491 U.S. at 368. Accordingly, having determined that this case falls into a *NOPSI* category in which *Younger* abstention may be proper, the Court must next "analyze the case 'using a three-factor test laid out in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982).'" *Aaron*, 914 F.3d at 1018 (quoting *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017)). Under that test, abstention is appropriate if: "(1) state proceedings are currently

3

pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims...." *Id*. (quoting *Doe*, 860 F.3d at 369).

First, the state health care liability case is currently pending and, as addressed above, was pending at the time Plaintiffs' filed the instant action. Second, the state court health care liability case implicates important state interests because the State of Tennessee has a substantial interest in the governance of healthcare liability actions. *See Willeford v. Klepper,* 597 S.W.3d 454, 467-68 (Tenn. 2020). Finally, Plaintiffs have an adequate opportunity in the state proceedings to present and litigate the constitutionality of the qualified protective order, and they do not assert that they have been denied such an opportunity.

Because the pending state court health care liability action meets all the requirements for *Younger* abstention, the Court must abstain from granting, or even considering, Plaintiffs' requested injunctive and declaratory relief based on federal preemption challenges. Accordingly, Plaintiffs' motion (Doc. No. 2) is **DENIED**, and this action is **DISMISSED** without prejudice. *See Aaron*, 914 F.3d at 1020-21 ("A dismissal based on *Younger* is without prejudice.") (citation omitted); *see also Samuels v. Mackell*, 401 U.S. 66, 91 (1971) (abstention appropriate when relief sought is a declaratory judgment, which would have same disruptive effect on state proceedings as an injunction).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE